UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BURKART,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VIGHYAN PRATAP<br><br>　　　　　Defendant. | No. 2:14-cv-02671-KJM-KJN |
| MICHAEL BURKART,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ASLAM SHAIKH<br><br>　　　　　Defendant. | No. 2:14-cv-02672-KJM-KJN |
| MICHAEL BURKART,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DONOVAN MAKUND,<br><br>　　　　　Defendant. | No. 2:14-cv-02673- KJM-KJN |

1

| | |
|---|---|
| MICHAEL BURKART,<br><br>    Plaintiff,<br><br>    v.<br><br>ASHISH MAHARAJ,<br><br>    Defendant. | No. 2:14-cv-02674-KJM-KJN |
| MICHAEL BURKART,<br><br>    Plaintiff,<br><br>    v.<br><br>SURAJ NARAYAN,<br>    Defendant. | No. 2:14-cv-02675-KJM-KJN |
| MICHAEL BURKART,<br><br>    Plaintiff,<br><br>    v.<br><br>PANKAJ PANDEY,<br><br>    Defendant. | No. 2:14-cv-02676-KJM-KJN |
| MICHAEL BURKART,<br><br>    Plaintiff,<br><br>    v.<br><br>SATYA PRASAD; JESSICA PRASAD,<br><br>    Defendants. | No. 2:14-cv-02677-KJM-KJN |
| MICHAEL BURKART,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAILENDRA SHARMA,<br><br>    Defendant. | No. 2:14-cv-02678-KJM-KJN |

| | |
|---|---|
| MICHAEL BURKART, | No. 2:14-cv-02679-KJM-KJN |
| Plaintiff, | |
| v. | |
| KISHORE PRASAD, | |
| Defendant. | |
| MICHAEL BURKART, | No. 2:14-cv-02680-KJM-KJN |
| Plaintiff, | |
| v. | |
| VINOD PRASAD, | |
| Defendant. | |
| MICHAEL BURKART, | No. 2:14-cv-02681-KJM-KJN |
| Plaintiff, | |
| v. | |
| SUZIE MAHARAJ, | |
| Defendant. | |
| MICHAEL BURKART, | No. 2:14-cv-02682-KJM-KJN |
| Plaintiff, | |
| v. | |
| VINOD PRASSAD, | |
| Defendant. | <u>ORDER</u> |

These matters are before the court on the motions by twelve defendants to withdraw reference from the United States Bankruptcy Court for the Eastern District of California. Defs.' Mot. to Withdraw Reference, ECF 1.[1] Plaintiff Michael Burkart ("Trustee"), in

---

[1] These motions were made separately, and each has a different case number. On the

3

his capacity as the Chapter 7 Trustee for the bankruptcy estate of Vincent Singh ("Debtor"), opposes the motion. Opp'n, ECF No. 4.

## I.     INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff Burkart, as Trustee of Debtor's estate, has sued several defendants in substantially identical actions in the United States Bankruptcy Court for the Eastern District of California. *See* First Am. Compl. Ex. A, ECF No. 4-1. Burkart seeks to "recapture monies paid to or for the benefit of certain investors so the recaptured monies can be distributed among all of the victims of Vincent Singh." *Id*. at 2; Pratap Mot. ECF No. 1 at 6. Singh's victims are those identified in the amended case in which he pled guilty to wire fraud and bankruptcy fraud on March 20, 2014, was sentenced on October 30, 2014, and appealed the sentence on November 21, 2014 (Case No. 2:12-cr-0352).

Plaintiff Burkart filed his adversary action in bankruptcy court on July 12, 2012. *See* Adversary Proceeding 12-02317, Ex. A, ECF No. 4. In the operative complaint, Burkart claims (1) avoidance of fraudulent transfer under California Fraudulent Transfer Law (California Civil Code § 3439 *et seq.*); (2) avoidance of fraudulent transfer in violation of California Civil Code § 3439.04(a)(1); (3) avoidance of fraudulent transfer under 11 U.S.C. § 548(a)(1)(B); (4) avoidance of fraudulent transfer under 11 U.S.C. § 548(a)(1)(A); (5) avoidance of preferential transfer in violation of 11 U.S.C § 547; (6) recovery of avoided transfers under 11 U.S.C. § 550; (7) claims under California usury law; and (8) objection to claim under 11 U.S.C. § 502(d). *Id*. All of the proceedings for recovery of fraudulent transfers, with over 100 defendants, are still pending in bankruptcy court. Status conferences have been held and discovery has commenced. ECF No. 4-1 at 2. Discovery cut-off in the adversary proceedings was February 27, 2015, and a pretrial conference is now set for May 21, 2015. Ex. C, ECF No. 4-1.

The twelve pending, identical motions to withdraw reference assert resolution of this matter "requires removal of the reference." Mot. at 1. All defendants appear *in propia*

---

court's own motion, the cases were related on January 22, 2015. ECF No. 5. Where the court references a document applicable to and identical among all defendants – specifically the motions to withdraw, the opposition, and the related case order – the court refers to the ECF number of the case with the lowest case number, *Burkart v. Pratap* (14-02671).

*persona*.  Because the motions are identical and Burkart has filed identical oppositions to each, the court addresses all of the motions in one order.

II.  LEGAL STANDARD

Withdrawal of the reference of an adversary proceeding from bankruptcy court is governed by title 28 of the U.S. Codes, which provides in pertinent part:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion, or on timely motion of any party for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  A court may consider a motion for withdrawal of reference only if it is timely.  *Id.; see also In re Molina,* 2010 WL 3516107, at *2 (N.D. Cal. Sept. 8, 2010).

On its face, this statute "contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations."  *In re Nat'l Consumer* Mortgage, LLC, 2009 WL 2985243, at *2 (C.D. Cal. Sept. 14, 2009).  Under either provision, the "burden of persuasion is on the party seeking withdrawal." *FTC v. First Alliance Mortgage Co*., 282 B.R. 894, 902 (C.D. Cal. 2001); *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helper*s, 124 F.3d 999, 1008 (9th Cir. 1997).

The Ninth Circuit has suggested that mandatory withdrawal hinges "on the presence of substantial and material questions of federal law."  *See id*. at 1008 n.4 ("By contrast, permissive withdrawal does not hinge on the presence of substantial and material questions of federal law.").  The mandatory withdrawal provision should be construed narrowly so as to avoid creating an "'escape hatch' by which bankruptcy matters could easily be removed to the district court."  *In re Vicars Ins. Agency, Inc*., 96 F.3d 949, 952 (7th Cir. 1996) (citations omitted).  Thus, the consideration of non-bankruptcy federal law must entail more than "routine application" to warrant mandatory withdrawal.  *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990).  "[W]ithdrawal is mandatory only when 'substantial and material consideration' of federal statutes other than the Bankruptcy Code 'is necessary for the resolution of a case or proceeding.'"  *In re Molina,* 2010 WL 3516107, at *4 (quoting *In re Combustion Equipment Associates, Inc*., 67 B.R.

5

709, 711 (S.D.N.Y. 1986)).  "Substantial and material consideration" has been defined to exclude from mandatory withdrawal "those cases which involve only the application of non-title 11 federal statutes to a particular set of facts" and should be construed narrowly.  *In re Adelphi Inst., Inc.,* 112 B.R. 534, 536 (S.D.N.Y. 1990).

III.     DISCUSSION

The claims here, fraudulent transfer and preference claims under 11 U.S.C. Sections 544, 547, and 548 ("clawback actions"), are disputed, and the issue of whether the Trustee has the right to bring the actions "requires resolution of issues of first impression."  Mot. at 1.  Defendants argue the cases "consist[] of core and non-core causes of action" requiring withdrawal.  *Id.*  The Trustee responds defendants have already submitted to the resolution of the litigation in bankruptcy court by filing a claim, the motion lacks factual grounds, and there is no implication of federal law or any conflict with federal law requiring withdrawal.

Although the parties do not address the threshold question of timeliness, it appears that resolution of that question is dispositive.  "A motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding."  *Sec. Farms*, 124 F.3d at 1007 n.3.  Thus, a party must move for withdrawal "at the first reasonable opportunity" it has, "as evaluated within the specific factual context [of the case]."  *Stratton v. Vita Bella Grp. Homes, Inc*., 2007 WL 1531860, at *2 (E.D. Cal. May 25, 2007) (citing *In re Chateaugay Corp.*, 104 B.R. 622, 624 (S.D.N.Y. 1989)).  Courts have found a motion to withdraw the reference untimely when a "significant amount of time has passed since the moving party had notice of the grounds for withdrawing the reference or where the withdrawal would have an adverse effect on judicial economy."  *Hupp v. Educ. Credit Mgt. Corp.*, 2007 WL 2703151, at *3 (S.D. Cal. Sept. 13, 2007) (citation omitted).  A "significant amount of time" has been found when there is no reason for the delay, with a  range of times qualifying as "significant."  *See, e.g., In re Allegheny Health Educ. and Research Foundation*, 98 A.F.T.R.2d 2006-8304, 2006 WL 3843572 (W.D. Pa. 2006) (defendants waived their rights to mandatory withdrawal by waiting more than one year before seeking to withdraw); *In re H & W Motor Express Co*., 343 B.R. 208 (N.D. Iowa 2006) (five-month delay following service of complaint

significant amount of time); *In re Mahlmann*, 149 B.R. 866, 869 (N.D. Ill. 1993) ("[T]he key issue is when the moving party was first aware nonbankruptcy federal laws must be dealt with in resolving the case."); *In re Stavriotis*, 111 B.R. 154 (N.D. Ill. 1990) (the motion should be filed "as soon as possible" after the grounds for withdrawal become clear).

Here, Burkart filed his action in bankruptcy court on July 26, 2012, and defendants responded there on September 4, 2012. ECF No. 1 at 16. Defendants filed their motions to withdraw on November 14, 2014, more than two years later. The claims have not changed, and defendants do not argue any new facts or legal issues have emerged since the original filing. Discovery began September 18, 2014 and concluded on February 27, 2015 in bankruptcy court, and several status conferences have been held. *Id.*; *see also* Ex. C, ECF No. 4-1. The court finds defendants' motion to be untimely.

Judicial economy also weighs against withdrawal, because the bankruptcy court has expended significant time and resources overseeing this litigation.

Even assuming timeliness, defendants do not identify any non-bankruptcy statute requiring this court's expertise and thus mandatory withdrawal. No defendant has asserted a counterclaim, and the bankruptcy court is fully competent to adjudicate the issues raised by the adversarial complaint. *Kelley v. JPMorgan Chase & Co.*, 464 B.R. 854, 863 (D. Minn. 2011) ("adversary proceedings clearly are core proceeding[s] within the meaning of 28 U.S.C. § 157(b)(2)(H)") (citations omitted, alteration in original).

IV.   CONCLUSION

The motion to withdraw reference is DENIED. The Clerk of the Court is directed to file this order in each related case.

IT IS SO ORDERED.

DATED: March 6, 2015.

_____
UNITED STATES DISTRICT JUDGE